**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


MARSBY TRIBUE, JR., individually
and as Personal Representative of the
Estate of ESSIE TRIBUE,

        Plaintiff,

vs.                                             Case No.: 3:04cv286/RV/EMT

DEPUTY STEVEN HOUGH, individually

        Defendant,
_____/

**PRE-TRIAL ORDER**

        A pre-trial conference was held in this matter on February 1, 2007. Present were the plaintiff, Marsby Tribue, Jr., and his attorney, Marva A. Davis; and the defendant, Steven Hough, along with his attorney, Carl R. Peterson. The pre-trial stipulation filed by the parties (Doc. 39) is incorporated into this order, subject to the following:

        **A.**    **Pending Motions**

        The plaintiff's first motion in limine (doc. 32) invokes the exclusionary rule and seeks to exclude all testimony, photographs and other documentary evidence reflecting the condition of the Tribue home. This motion is DENIED.

        The relief sought in the plaintiff's second motion in limine (doc. 34) is unclear. This document appears to be a motion to take judicial notice of certain statutes, a local ordinance, and the "Death of Essie Tribue and Substitution of Marsby Tribue as Personal Representative of her Estate," along with listed objections. To the limited extent that this motion for judicial notice is intended to function as a motion to substitute Marsby Tribue as Personal Representative of the estate of Essie Tribue under Rule 25(a) of the Federal Rules of Civil Procedure, the motion is GRANTED, but otherwise this motion is DENIED. The motion may be

reasserted at the appropriate time during trial in this matter, subject to the plaintiff clearly setting forth the relief sought and demonstrating why judicial notice of the other items is appropriate.

The defendant's first motion in limine (doc. 31), seeking to limit the plaintiff's damages to "severance" damages, is DENIED for the reasons stated at the pre-trial conference. In short, inasmuch as this case was filed and is being prosecuted under Title 42, United States Code, Section 1983, the plaintiff is entitled to recover not only the "severance" damages, but also any other compensatory damages that can be established and proven with competent evidence.

The defendant's second motion in limine (doc. 37) is GRANTED to the extent that the plaintiff will be unable to call or rely upon any expert witness that was not properly identified by the plaintiff as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure and the scheduling order entered herein.

### B. Use of Depositions at Trial

If the testimony of any witness is to be offered by deposition, the attorneys are to agree upon the portions of the depositions to be offered into evidence, edit as necessary, and submit only the admissible portions of the depositions for use as an exhibit at trial. Objections by either side will be clearly marked. Any video depositions will be edited in the same manner, and the written transcript will be the official record.

### C. Date of Trial

The trial of this case is set as the number one civil trial for jury selection to begin on **Monday, June 11, 2007,** at 9:00 a.m. in Courtroom Five, United States Courthouse, 1 North Palafox Street, Pensacola, Florida. The trial is expected to last approximately three days.

DONE AND ORDERED this 5th day of February, 2007.

*/s/Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**